IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JEREMY A. LANGLEY, Individually and on Behalf )
  of All Others Similarly Situated, )
)
        Plaintiff, )
) No. 1:17-cv-696 (LMB/TCB)
v. )
)
BOOZ ALLEN HAMILTON HOLDING CORP., et )
al., )

        Defendants.

ORDER

Lead plaintiffs Uniformed Sanitationmen's Association Local 831 Compensation Accrual Fund and Teamsters Locals Nos. 175 & 505 Pension Trust Fund (collectively, "plaintiffs"), on behalf of themselves and all others similarly situated, have sued to recover damages allegedly caused by defendants Booz Allen Hamilton Holding Corporation ("BAH"), Horacio D. Rozanski ("Rozanski"), Lloyd W. Howell, Jr. ("Howell"), and Kevin Cook's ("Cook") violations of securities laws.[1] The lead plaintiffs stand in for a class consisting of all persons (other than defendants and affiliated persons) who acquired BAH common stock between May 18, 2016 and June 15, 2017. Am. Compl. ¶ 1. This civil action arose after BAH disclosed on June 15, 2017 that its subsidiary Booz Allen Hamilton Inc. "was informed that the U.S. Department of Justice is conducting a civil and criminal investigation relating to certain elements of [its] cost accounting and indirect cost charging practices with the U.S. government." Id. ¶ 6 (alteration in original). The next day, BAH's share price fell $7.43, or 18.89%. Id. ¶ 7.

---

[1] Rozanski is BAH's CEO, President, and Director. Howell has been BAH's CFO, Executive Vice President, and Treasurer since July 1, 2016. Cook was BAH's CFO until July 1, 2016. See Am. Compl. [Dkt. No. 24] ¶¶ 16-18.

According to the Amended Complaint, defendants made a number of materially false and misleading statements during the class period when they, for example, stated that BAH was "on the path to sustainable quality growth," averred that BAH "must comply with laws and regulations relating to the formation, administration, and performance of U.S. government contracts," and told investors that BAH was expecting a "slight uptick in billable expenses." See id. ¶¶ 75-79, 81-84, 88-95, 98-103, 106-08, 111-18. Plaintiffs allege that all of these statements were materially false or misleading because they failed to disclose that BAH was defrauding the government. See id. ¶¶ 76, 80, 91, 93, 96, 100, 102, 107, 109, 117. In addition, they allege that defendants' statements about BAH's growth and compliance with ethical requirements were misleading and that defendants had a duty to speak fully about what plaintiffs describe as fraudulent billing practices. See id. ¶ 86, 91, 93, 96, 100, 104, 107, 109, 117, 119.

Before the Court now are defendants BAH, Howell, and Rozanski's Motion to Dismiss [Dkt. No. 46] and defendant Cook's Motion to Dismiss [Dkt. No. 52], which move the Court under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim. To maintain a claim under 15 U.S.C. § 78j(b), a plaintiff must allege facts sufficient to show a material misrepresentation or omission by defendant, scienter, a connection between the misrepresentation or omission and the purchase or sale of a security, reliance on the misrepresentation or omission, economic harm, and loss causation. See Matrix Captial Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 181 (4th Cir. 2009). In addition, under the heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"), the Complaint must "state with particularity the circumstances constituting fraud," Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 629 (4th Cir. 2008) (quoting Fed. R. Civ. P. 9(b)), including the "reason or reasons why" each alleged fraudulent statement is misleading, 15 U.S.C. § 78u-4(b)(1)(B), and "state with particularity facts

giving rise to a strong inference that the defendant acted with the required state of mind," id. § 78u-4(b)(2)(A).

Even "assum[ing] all the well-pled allegations of plaintiffs as true and draw[ing] reasonable inferences in their favor," In re PEC Solutions, Inc. Securities Litig., 418 F.3d 379, 387 (4th Cir. 2005), as the Court is required to do when evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails to meet the necessary pleading requirements. The gravamen of plaintiffs' Complaint is that defendants' various statements were fraudulent or misleading because defendants made the statements while, at the same time, failing to disclose that BAH was committing fraud on the government; however, plaintiffs do not include any specific allegations relating to the commission of fraud. They do not, for example, allege who was committing the fraud, what the nature or extent of the fraud was, or for how long the fraud been taking place. As a result, plaintiffs are unable to "state with particularity the circumstances constituting fraud" and the "reason or reasons why" each alleged fraudulent statement was in fact misleading, nor can they "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." See In re PEC Solutions, Inc. Securities Litig., No. 03-cv-331, 2004 WL 1854202, at *13 (E.D. Va. May 25, 2004), aff'd, 418 F.3d 379; see also In re AXIS Capital Holdings Ltd., Securities Litig., 456 F. Supp. 2d 576, 585 (S.D.N.Y. 2006). Instead, the Complaint relies on a variety of relatively weak circumstantial evidence—such as various corporate officers' stock trades during the class period and pre-class period examples of fraudulent behavior at BAH, all of which were promptly disclosed to the public—to support its allegations; however, following the logical path of the Complaint from these circumstantial allegations to actual fraud and scienter would require the Court to pile inference upon inference, all the while disregarding the heightened requirements of the PSLRA. This, the Court cannot do.

Accordingly, for the reasons stated in this Order, in open court, and in defendants' well-reasoned briefing, defendants BAH, Howell, and Rozanski's Motion to Dismiss [Dkt. No. 46] and defendant Cook's Motion to Dismiss [Dkt. No. 52] are GRANTED, and it is hereby

ORDERED that the Amended Complaint [Dkt. No. 24] be and is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 8th day of February, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge